UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Strategic Partners, Inc., <br>          Plaintiff <br><br>      v. <br><br> Koi Designs, LLC, <br>          Defendant. | Case No. 2:17-cv-00236-TJH (GJSx) <br><br> **REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

      This Report and Recommendation is submitted to United States District Judge Terry J. Hatter Jr., pursuant to 28 U.S.C. § 636 and General Order No. 05-07 of the United States District Court for the Central District of California. For the reasons that follow, the Court recommends that both of Plaintiff's Sanctions Motions be GRANTED, as discussed further below.

## INTRODUCTION

      This case was filed and served in January of 2017. [Dkt. 1, 9.] Since that time, Defendant Koi Design, LLC ("Koi") and its counsel have repeatedly and unrepentantly failed to engage in the discovery process mandated by the Federal Rules of Civil Procedure, this District's Local Rules, and the procedures of the undersigned Magistrate Judge. Koi has also – again, repeatedly – violated this Court's orders. And this behavior has continued despite repeated verbal and written

1   warnings from the Court.  Based on the facts set forth below, the Court can only
2   conclude that this behavior is willful, and warrants severe sanctions.
3       Plaintiff Strategic Partners, Inc. ("Strategic" or "Strategic Partners") has filed
4   two motions for sanctions.  The first seeks fees and costs in the amount of
5   $26,615.02 incurred by Strategic Partners in bringing certain discovery disputes to
6   the Court's attention beginning in July 2017.  [Dkt. 43 ("First Sanctions Motion").]
7   The second seeks terminating or preclusionary sanctions for Koi's failure entirely to
8   participate in good faith in discovery and for Koi's violation of various Court orders
9   and requirements throughout the case.  [Dkt. 49 ("Second Sanctions Motion").]
10  This Report and Recommendation is submitted to the District Judge to address both
11  Motions.

**FACTUAL BACKGROUND**

13      As noted above, this case was filed and served in January 2017.  [Dkt. 1, 9.]
14  Strategic Partners stipulated to an extension of time to March 2, 2017 for Koi to
15  answer.  [Dkt. 13.]  Thereafter, the Honorable Beverly Reid O'Connell set the case
16  for a scheduling conference on May 15, 2017.  [Dkt. 17.]  Koi's colors began to
17  show immediately.  Despite several attempts by Strategic Partners (four e-mails over
18  the course of two weeks) to get Koi to participate in the required conference of
19  counsel prior to the scheduling conference, Strategic Partners got no response from
20  Koi.  Strategic Partners brought this problem to the District Judge's attention on
21  April 18, 2017 [Dkt. 19], and Koi still did not respond – to Strategic or the Court.
22  Strategic Partners timely filed a solo Rule 26(f) report a few weeks later.  [Dkt. 20,
23  filed May 8, 2017.]  Only then, four days after Strategic's filing and three days
24  before the scheduling conference, did Koi make a peep, filing an *ex parte* request to
25  continue the scheduling conference.  [Dkt. 22.]  In the *ex parte*, Koi's counsel, A.
26  Douglas Mastroianni, confessed that the "failure to participate in the Rule 26
27  Conference and preparation of the Joint Report" was solely his error, and that he
28  "took responsibility" and "believe[d] he [could not] credibly object to the issuance

2

1    of a reasonable monetary sanction" for his behavior.  [*Id.* at 2.]  The District Court

2    chose not to sanction counsel at that time, but counsel was clearly on notice that

3    such continued "error" would not be tolerated.  Strategic Partners opposed the *ex*

4    *parte* request, in part because its counsel is located in San Francisco and

5    arrangements had been made to attend the scheduling conference here in Los

6    Angeles.  Judge O'Connell held the scheduling conference as originally planned and

7    entered an Order for Civil Jury Trial, which set the original discovery cutoff in this

8    case for December 25, 2017.[1]

9           This case first came to the attention of the undersigned Magistrate Judge on

10   July 28, 2017, when Strategic Partners filed an *ex parte* application seeking relief

11   from the Court's discovery procedures, which required the parties to meet and

12   confer and then jointly propose times for a pre-discovery motion teleconference

13   prior to the filing of motion papers.  [Dkt. 32.]  Strategic's application set forth how

14   Koi failed to timely respond to document requests and interrogatories that were

15   propounded in May 2017, and that when belated responses were finally received

16   they contained only boilerplate objections.  Strategic sent multiple letters and e-

17   mails requesting that Koi's counsel meet and confer, which were ignored by Koi's

18   counsel except for an occasional empty promise – never satisfied – that verifications

19   and supplemental responses would be provided.  Strategic's counsel also requested

20   dates for depositions of Koi's witnesses, which were also ignored by Koi's counsel.

21          Ultimately, Koi's counsel refused to participate in a meet and confer session,

22   and also failed to provide – as required by this Court's procedures – dates he was

23   available to participate in a telephonic conference with the Court.  Strategic Partners

24   was forced to file its *ex parte* application, and provided evidence of its attempts to

25

26   [1]  The Honorable Beverly Reid O'Connell passed away during the pendency of the
     disputes giving rise to the instant sanctions motions.  The case was transferred to the
27   Honorable Terry J. Hatter, Jr. on December 11, 2017.  Judge Hatter continued the
     discovery cutoff to April 24, 2018 on December 11, 2017 given the state of
28   discovery and the sanctions motions, which had been filed by that time.  [Dkt. 60.]

1   engage Koi's counsel in discussions about the interrogatories and document

2   requests, to get dates for depositions, or to obtain counsel's availability for a

3   conference with the Court.  [Dkt. 32 and attachments.]  Koi's counsel did not

4   respond to the *ex parte* application, either by contacting Strategic or filing an

5   opposition with the Court.  Rather than grant the application, however, the Court

6   chose to issue a minute order requiring the parties to appear telephonically on

7   August 3, 2017, and included an Order to Show Cause ("OSC") why Koi "should

8   not be sanctioned for failure to participate in the meet and confer process as required

9   by both the Local Rules of this District and this Court's procedures regarding

10  discovery."  [Dkt. 33.]

11        The Court conducted the hearing on August 3, 2017.  Koi's counsel

12  apologized to the Court and counsel for his failure to engage prior to the Court's

13  intervention, and promised that there would be no problems in the future.  Based on

14  counsel's representation, the Court discharged the OSC.  The Court then advised

15  Koi's counsel on the record that any further failures to engage with opposing

16  counsel or delay tactics would not be tolerated.  The Court specifically counseled

17  the parties that they ***must*** comply with the Court's schedules and procedures, which

18  set forth specific time limits within which counsel must respond to e-mail or other

19  written correspondence related to discovery disputes.  The parties were then ordered

20  to meet and confer on the issues about which Plaintiff had been trying to get

21  Defendant's counsel's attention, and the Court set a further telephonic hearing for

22  August 8, 2017.  [Dkt. 34.]

23        Unfortunately, the Court's admonitions to Koi's counsel fell on deaf ears.

24  Koi's counsel failed to appear on the August 8 call.  The Court therefore set a

25  briefing schedule for the issues Strategic Partners wished to raise, and issued

26  another OSC, this time regarding the failure of Koi's counsel, Mr. Mastroianni, to

27  appear.  Mr. Mastroianni filed a declaration stating that he had miscalendared the

28  hearing.  [Dkt. 38.]  The Court did not impose sanctions at that time.  [Dkt. 42.]

4

1

2          In accordance with the briefing schedule, Strategic filed its motion to compel.

3   Koi did not file an opposition.  Rather, Koi filed only the declaration of its

4   Executive Vice President of Operations, Jeremy Husk, which demonstrated that

5   there was no substantial basis for Koi's failure to provide discovery.  Nor was there

6   any explanation, in either the Husk declaration or the Mastroianni declaration

7   addressing the OSC, as to why Koi did not engage with the other side.  The Court

8   thereafter found that Koi had "refused to engage in meaningful dialog," among other

9   violations of the Federal and Local Rules, and granted Strategic's motion.  [Dkt.

10  42.]  The Court overruled Koi's boilerplate objections, and Koi was ordered to

11  provide supplemental responses by October 12, 2018 and responsive documents by

12  October 16, 2018.  [*Id*.]  And because of Koi's "failure to participate in discovery

13  and its 'opposition' to the . . . motion," did "not appear to have a substantial basis in

14  law or fact," the Court invited Strategic to file a motion for monetary sanctions.

15  [*Id.*]  Koi was "**required**" to file an opposition to the motion by October 23, 2017.

16  [*Id*. (emphasis in original).]

17          Strategic filed its motion for monetary sanctions in the amount of $26,615.02

18  on October 16, 2017.  [Dkt. 43]  In violation of the Court's order, Koi failed to file

19  any response.  In addition, Koi failed to provide Strategic with the Court-ordered

20  discovery.  Strategic detailed Koi's complete failure to comply with the Court's

21  October 3 Order in its request for leave to file a motion for terminating sanctions.

22  [*See* Dkt. 46 and supporting evidence.]  And Koi again began evading and avoiding

23  opposing counsel's attempts to engage in any sort of dialog.  [*Id.*]  Given: (1) the

24  pendency of the first sanctions motion; (2) that the facts leading to Strategic's desire

25  to file a second sanctions motion were a continuation of the facts supporting the

26  initial motion; and (3) the undersigned's familiarity with the case, the District Judge

27  referred the matter to the Magistrate Judge for a Report and Recommendation.

28  [Dkt. 61.]  The Court set a briefing schedule, again requiring Koi to file a brief or

1  statement of non-opposition.  [Dkt. 48 (noting that the matter would stand submitted

2  as of November 28, 2017).]

3          Koi filed its opposition on November 28, 2018.  [Dkt. 52.]  The two-and-a-

4  half page Memorandum of Points and Authorities does not address any of the legal

5  or factual points made in either of Strategic Partner's sanctions motions.  Notably,

6  not a single case or other authority is cited for any proposition.  Rather, Koi tries to

7  rationalize the company's behavior – essentially arguing "no harm, no foul" – by

8  addressing the substantive merits of the trademark dispute and the underlying

9  discovery at issue.  [*Id.*]  Koi's argument misses the point, in addition to being

10  several months too late.  Whether the marks at issue are protectable or similar might

11  have been relevant to a determination of the underlying discovery disputes (breadth

12  of document requests, for example), **if** Koi had engaged in discovery and the dispute

13  resolution procedures in the first place.  Nevertheless, Koi did not.  In addition,

14  Koi's *post hoc* declaration that Strategic's discovery was "misguided," and that this

15  somehow allowed Koi to ignore it completely, is disingenuous in the extreme.  [Dkt.

16  50 (Husk Declaration in support of opposition] at ¶ 9.]  In sum, Strategic Partner's

17  factual allegations contained in both of its sanctions motions – which are supported

18  by admissible evidence – remain unrebutted by Koi.  And Strategic's legal points,

19  too, are unaddressed.[2]

20          In light of the pendency of two sanctions motions and the repeated oral and

21  written admonitions of the Court, the undersigned expected that Koi and its counsel

22  would finally engage with Strategic in discovery.  Unfortunately, that was not to be

23

24  [2] Mr. Mastroianni attempts to again "fall on his sword" in his declaration in support
25  of Koi's opposition, stating that "any failure to comply with the court's order is my
    own fault and not the fault of Koi or any of its employees."  [Dkt. 51, ¶6.]  While it
26  is clear to the Court that Mr. Mastroianni bears much of the fault for Koi's behavior,
    the Husk declarations filed throughout the case, the passage of so much time, and
27  Koi's failure to attend to case requirements even after several warnings lead the
    Court to conclude that the company is also at fault.  Any sanctions approved by the
28  District Court should be borne by both the company and counsel.

the case.  On December 1, 2017, Plaintiff filed an *ex parte* application for leave to file another motion to compel.  [Dkt. 53.]  Strategic averred that Koi had again failed to respond to discovery and to requests to meet and confer.  [*Id.*]  At that time, the original discovery cutoff in this case had not been extended, so there was insufficient time for briefing and decision on the motion, as required by the original scheduling order in this case, for the Court to allow the motion.  However, because Strategic had presented evidence of continued discovery misconduct, the Court ordered Koi to file a declaration no later than December 8, 2017, addressing Strategic's allegations.  [Dkt. 56.]  The Court was very specific about what Koi was required to address, "i.e., whether or why they did not respond to Plaintiff's e-mails."  [*Id.*]  Koi filed the declaration of its counsel December 8, 2017, stating that Koi had served discovery responses (admitting that they were both late and served without a verification, as ordered), but the declaration did not address the single factual issue to which the Court ordered a response.  [*Id.*]  Koi thus violated yet another Court order, and, by its silence, admitted that it had – yet again – violated the Federal Rules of Civil Procedure, the Local Rules of this District, and the Procedures of the undersigned Magistrate Judge.

**GOVERNING STANDARD**

**I.   Fee Shifting Under Rule 37(a)**

If a discovery motion is granted or disclosure or requested discovery is provided only after the filing of a motion, "the court ***must***, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising the conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  Fed. R. Civ. P. 37(a)(5)(A) (emphasis added).  The exceptions to this rule are if (1) the moving party did not first, in good faith, seek to obtain the discovery prior to filing the motion; (2) the "opposing party's nondisclosure, response, or objections was

7

1   substantially justified"; or other circumstances make an award unjust. Fed. R. Civ.

2   P. 37(a)(5)(A)(i)-(iii).

3   **II.   The General Rules Regarding Sanctions For Violation Of Discovery**

4   **Orders – Rule 37(b) And The Court's Inherent Powers**

5          Under Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure and pursuant

6   to their inherent power to control the cases before them, federal district courts are

7   authorized to issue sanctions based upon noncompliance with a discovery order. *See*

8   *Chambers v. Nasco, Inc.,* 501 U.S. 32, 49 n.14 (1991); *Societe Internationale Pour*

9   *Participations Industrielles et Commerciales, S.A. v. Rogers*, 357 U.S. 197 (1958);

10  *see also Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006) (noting that the

11  district court's "two sources of authority" are its "inherent power to levy sanctions

12  in response to abusive litigation practices" and Rule 37).

13         Under Rule 37(b)(2)(A), this Court may make such sanction orders as are

14  "just" when a party has failed to comply with a discovery order.  These include

15  orders precluding a disobeying party from introducing designated matters into

16  evidence, striking a pleading, and/or rendering a default judgment.  *See* Fed. R. Civ.

17  P. 37(b)(2)(A)(ii)&(v); *see also Roadway Express v. Piper*, 447 U.S. 752, 763

18  (1980).  The type of sanction ordered is within a district court's discretion.  *Von*

19  *Brimer v. Whirlpool Corp.*, 536 F.2d 838, 844 (9th Cir. 1976).

20         If the sanction ordered is less than and/or is not tantamount to dismissal, the

21  disobeying party's noncompliance need not be proven to be willful or in bad faith.

22  *See, e.g.*, *Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 589 (9th Cir. 1983).  The

23  presence or absence of a disobeying party's willfulness or bad faith "is relevant to

24  the choice of sanctions rather than to the question whether a sanction should have

25  been imposed."  *Marquis v. Chrysler Corp.*, 577 F.2d 624, 642 (9th Cir. 1978); *see*

26  *also Societe Internationale,* 357 U.S. at 208 (because Rule 37 requires only a failure

27  to obey an order and not a refusal, whether the disobeying party's conduct was

28  willful or not is "relevant only to the path which the District Court might follow in

8

dealing with" the failure to comply).  "In view of the range of sanctions available, even negligent failures to allow reasonable discovery may be punished." *Marquis*, 577 F.2d at 642; *see also David v. Hooker*, 560 F.2d 412, 419-20 (9th Cir. 1977).

It is well-established that "[b]elated compliance with discovery orders does not preclude the imposition of sanctions." *North American Watch Corp. v. Princess Ermine Jewels*, 786 F.2d 1447, 1451 (9th Cir. 1986).  As the Ninth Circuit has explained, the "[l]ast-minute tender of documents does not cure the prejudice to opponents nor does it restore to other litigants on a crowded docket the opportunity to use the courts." *Id.*; *see also Fair Housing of Marin v. Combs*, 285 F.3d 899, 905-06 (9th Cir. 2002)(rejecting defendant's argument that sanctions should not have been entered against him because he eventually produced the documents at issue); *Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 69 F.3d 337, 354 (9th Cir. 1995) ("This court has squarely rejected the notion that a failure to comply with discovery rules is purged by belated compliance."); *G.K. Properties v. Redevelopment Agency of San Jose*, 577 F.2d 645, 647-48 (9th Cir. 1978) (discussing the harm to both the opposing party and litigants in other cases caused by disregard of discovery obligations and orders).

For example, in *G.K. Properties,* the Ninth Circuit affirmed the district court's decision to dismiss the case as a discovery sanction for the plaintiffs' failure to provide the requested documents by the court ordered deadline.  577 F.2d at 647.  Although the plaintiffs produced the information three days before the hearing on the defendants' motion for sanctions, the Ninth Circuit concluded that the district court "acted properly" and that the plaintiffs' "last-minute tender of relevant documents could not cure the problem they previously had created." *Id.*  It agreed with the district court that continuing the trial date and imposing a fine would not be an effective sanction, because it would "introduce into litigation a sporting chance theory encouraging parties to withhold vital information from the other side with the hope that the withholding may not be discovered and, if so, that it would only result

1    in a fine." *Id.*

2

3        Similarly, in *Payne v. Exxon Corp.*, 121 F.3d 503 (9th Cir. 1997), the Ninth

4 Circuit affirmed the district court's dismissal of plaintiff's claims as a discovery

5 sanction for plaintiffs' repeated failure to fully comply with discovery and with

6 court orders directing compliance.  In *Payne*, the plaintiffs offered, in their response

7 to the defendants' motion for terminating sanctions, as Defendant has done in this

8 case, to submit additional depositions and meet and confer with opposing counsel

9 about any additional information sought.  The Ninth Circuit agreed with the district

10 court that "[p]laintiffs' behavior is contrary to the public interest in expeditious

11 completion of litigation, interferes with the sensible management of this court's

12 docket…and prejudices the defendants."  121 F.3d at 505-06.  "The issue is not

13 whether [defendants] eventually obtained the information that they needed, or

14 whether plaintiffs are now willing to provide it," the Ninth Circuit wrote, "but

15 whether plaintiffs' repeated failure to provide documents and information in a

16 timely fashion prejudiced the ability of [defendants] to prepare their case for trial."

17 *Id.* at 508.

> Many of the discovery responses eventually tendered by the
> plaintiffs came only as the discovery period was drawing to a close,
> or after it had already closed. [Defendants] were therefore deprived
> of any meaningful opportunity to follow up on that information, or
> to incorporate it into their litigation strategy.  We agree with the
> district court that the prejudice factor favors dismissal in this case.

22 *Id.* (internal citations omitted).

23      Finally, in considering whether to impose sanctions, a district court may

24 consider all of the disobeying party's discovery misconduct.  *Payne*, 121 F.3d at

25 508; *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1411 (9th Cir. 1990).

26 **III.  Terminating Sanctions**

27        In contrast with less severe sanctions, terminating sanctions may be imposed

28 only if there has been "willfulness, bad faith, or fault" by the party who has

1   disobeyed a discovery order.  *See, e.g.*, *Connecticut Gen. Life Ins. Co. v. New*

2   *Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007).  This standard is met

3   by a showing of "disobedient conduct not shown to be outside the control of the

4   litigant."  *Henry v. Gill Industries*, 983 F.2d 943, 948-49 (9th Cir. 1993) (internal

5   citation omitted); *see also In re Phenylpropanolamine (PPA) Products Liab. Litig.*,

6   460 F.3d 1217, 1233 (9th Cir. 2006).

7          In the Ninth Circuit, upon a finding of "willfulness, bad faith, or fault," a

8   court must assess the following five factors to decide if terminating sanctions should

9   be imposed: (1) the public's interest in the expeditious resolution of litigation; (2)

10   the court's need to manage its docket; (3) the risk of prejudice to the party seeking

11   sanctions; (4) the public policy favoring the disposition of cases on their merits; and

12   (5) the availability of less drastic sanctions.  *See, e.g.*, *Valley Eng'rs Inc. v. Elec.*

13   *Engineering Co.*, 158 F.3d 1051, 1057 (9th Cir. 2008); *Adriana*, 913 F.2d at 1412-

14   13 (noting that this five-factor test is a balancing test).  When a court order has been

15   violated, the first two factors support imposing terminating sanctions and the fourth

16   factor "cuts against" them, and thus, the third and fifth factors are decisive.  *Id.* at

17   1412; *see also Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990) ("The first

18   two of these factors favor the imposition of sanctions in most cases, while the fourth

19   cuts against a default or dismissal sanction.  Thus the key factors are prejudice and

20   availability of lesser sanctions.").

21          The third factor—prejudice—is satisfied if the disobeying party's actions

22   impair the ability of the moving party "to go to trial" or "threaten to interfere with

23   the rightful decision of the case."  *Adriana*, 913 F.2d at 1412.  Although mere delay

24   alone does not establish prejudice, a failure to produce documents, as ordered, "is

25   considered sufficient prejudice."  *Adriana*, 913 F.2d at 1412.

26          Under the fifth factor, a district court must consider the impact of the

27   terminating sanction sought and the adequacy of less drastic sanctions.  *Adriana*,

28   913 F.2d at 1412.  Whether or not the district court warned a disobeying party of the

possibility of dismissal is relevant, but "an explicit warning is not always necessary"
for a dismissal order to be proper. *Id.* at 1412-13. As the Ninth Circuit explained in
*Valley Engineers*, *supra*, "the central factor in evaluating the district court order is
justice, and everyone has notice from the text of Rule 37(b)(2) that dismissal is a
possible sanction for failure to obey discovery orders." 158 F.3d at 1056-57. The
five-part test is used "to determine whether a dismissal sanction is 'just,' " but
notwithstanding the fifth factor, "it is not always necessary for the court to impose
less serious sanctions first, or to give any explicit warning." *Id.* at 1057
(characterizing the five-part test as "a way for a district judge to think about what to
do, not a series of conditions precedent before the judge can do anything").

## DISCUSSION

## I.    First Sanctions Motion – Fee Shifting Is Appropriate Because Koi's Opposition To The Motion To Compel Was Not Substantially Justified

Strategic Partners' First Sanctions Motion [Dkt. 43] seeks $26,615.02 in fees
and costs incurred in filing and arguing its motion to compel production of
documents and supplemental responses to various discovery requests. Despite its
repeated good faith efforts, Strategic Partners had been unable to get Koi's attention
to address any of the issues it wished to raise prior to the filing of the motion. It
could not even get Koi's attention to its e-mails requesting available times – as
required by this Court's Procedures and Schedules – to have a pre-discovery motion
teleconference with the Court. Strategic was forced to file an *ex parte* application
(to which Koi also failed to respond) so that the Court would be aware of the dispute
and order Koi to participate in a telephonic hearing.

After the Court conducted the telephonic hearing, it gave Koi another chance
to meet and confer about the issues Strategic Partners had raised, and set a further
telephonic conference if any issues remained. [Dkt. 34.] Issues did remain, yet
Koi's counsel failed to appear for the further hearing. The Court set a briefing
schedule for the remaining issues that required Koi's participation. [Dkt. 35.]

12

In compliance with the Court's order, Strategic's motion was filed on August 15, 2017.  Koi failed to oppose it properly, filing only brief declarations of counsel and Mr. Husk (without an accompanying memorandum of points and authorities), neither of which demonstrated that there was any merit to Koi's legal position, factual assertions, or litigation behavior.  As the Court noted in its October 3, 2017 Order granting Strategic's motion to compel, Strategic had raised several specific issues, none of which were addressed in the Mastroianni or Husk declarations.  Mr. Husk simply declared, without basis, that Koi had fulfilled its obligations – with a few exceptions.  The declaration explained that Koi decided unilaterally that it need not search through "voluminous documents" that "did not appear relevant" to Koi, and that where Koi decided (again unilaterally) that Strategic could obtain them from other sources, it did not need to provide them.  Notably, Koi had not, until the day before the hearing, told any of this to Strategic's counsel, despite Strategic's repeated attempts to meet and confer.

Mr. Husk also maintained that for many categories of documents, no documents existed.  The Court expressed its skepticism, as the assertion was one "the Court had trouble believing if Koi operates as a legitimate business."  [Dkt. 42, 1.]  And, in any event, Koi had never provided responses to Strategic stating that no documents existed that were responsive to the categories of documents at issue.  Given both Strategic's and the Court's distrust of Koi's statements in its declarations, the Court ordered Strategic to, among other things, "serve and file a declaration on **October 16, 2017**, stating what searches were performed" for responsive documents.  [*Id.* at 2, emphasis in original.]  Koi violated this order.  It never provided such a declaration to counsel or the Court, let alone on October 16, 2017.

When granting Strategic's motion to compel in its entirety, the Court found that Koi had "refused to engage in meaningful dialog" and that Koi's failure to provide the requested discovery and its opposition to the motion, such as it was,

1   appeared to be without substantial justification.  The Court invited Strategic Partners
2   to file the First Sanctions Motion, which Koi also failed to oppose, despite being
3   ordered to do so [Dkt. 42 at 4], so nothing has changed the Court's view of the
4   proceedings.  *See also* Local Rule 7-12.  Given these circumstances, the Federal
5   Rules require the Court to assess attorneys' fees and costs against Koi.  Rule
6   37(a)(5)(A) is directly implicated, and none of the exceptions is subparts (i)-(iii)
7   apply.  The undersigned thus recommends that the District Judge order Koi to pay
8   $26,615.02, the reasonable fees and costs incurred in bringing its motion to compel,
9   to Strategic Partners.

10   **II.   Second Sanctions Motion – Terminating Sanctions Are Appropriate**
11   **Because Koi Has Acted In Bad Faith In Violating Multiple Court Orders**
12   **And Failing To Participate In Discovery, Resulting In Prejudice To**
13   **Strategic Partners**

14   Koi has violated several written Court orders and has not demonstrated, nor
15   can it demonstrate, that its failures were outside of its control.  *See Henry*, 983 F.2d
16   at 948-49; *In re Phenylpropanolamine (PPA) Products Liab. Litig.*, 460 F.3d at
17   1233.  Koi and its counsel have failed to appear when ordered and failed to file and
18   serve required documents, including both oppositions to motions and declarations
19   explaining their document production.  Koi has refused to heed oral admonitions
20   made on the record as well as failing to respond to Strategic's communications
21   within a set time period even though Koi was ordered to do so during a telephonic
22   hearing and despite the requirement that it do so, as set forth in the Court's
23   Procedures.  For most of these violations, Koi has offered neither explanation nor
24   apology.  Consequently, there is no question in the Court's mind that Koi's actions
25   and inactions have been taken in bad faith under the test articulated by the Ninth
26   Circuit in *Connecticut General*, *Henry* and other cases.

27   In addition, Koi has failed at every turn to follow the Federal Rules of Civil
28   Procedure or this Court's Procedures and Schedules.  Beginning with Koi's failure

to participate in the required Rule 26 conference of counsel and continuing through
its failure to timely respond to discovery and refusal to engage with opposing
counsel when Strategic's counsel attempted, over and over again, to meet and confer
about multiple issues – ranging from interrogatories and responses to document
requests to attempt to set a deposition schedule – Koi has resisted discovery and
turned a blind eye to both procedural requirements and the rules of civility.  The
Court is not aware of a single instance when Koi *did* comply with its obligations in a
timely and professional manner.  Although Koi argues that it *eventually* complied
with the Court's October 3 Order (or part of it, at least), Koi only did so months late
after two sanctions motions were filed and the original discovery cutoff was nearly
past.  It tendered supplemental responses when it was too late for Strategic to
challenge them, if still inadequate, or follow up in the normal course to obtain
additional information to support its case.  Moreover, last minute compliance does
not cure prejudice or preclude sanctions.  *North American Watch Corp.*, 786 F.2d at
1451.  The Court must, thus, consider what sanction is appropriate in these
circumstances.

In its Second Sanctions Motion, Strategic Partners seeks terminating
sanctions, or in the alternative, certain preclusionary sanctions that, in the Court's
view, amount to terminating sanctions.  In an effort to craft preclusionary sanctions
that are related to the specific discovery Koi failed to provide, Strategic requests, as
an alternative to terminating sanctions, that Koi be precluded from disputing the
following facts (paraphrased here):

(1)  Koi was aware of Strategic Partner's pending trademark
application when Koi launched its accused, allegedly infringing product line;

(2)  Koi launched its line despite knowing that Strategic Partners had
trademark priority;

(3)  Koi and Strategic Partners sell the same items, specifically, scrubs,
using their respective marks;

15

1        (4)  the parties' scrubs are "the same type of goods" for purposes of

2   trademark registration;

3         (5)  consumers experienced actual confusion between scrubs sold under

4   the parties' respective marks; and

5         (6)  the parties sold their goods through the same marketing channels.

6      The Court agrees with Strategic Partners that these facts relate directly to

7   Koi's discovery failures, and thus present an appropriate option for sanctions.  They

8   also, however, if found to be true, amount to a determination of liability.  In other

9   words, if Koi is precluded from contesting these facts, then liability would be

10   directed, with only damages left to be determined.  Consequently, the Court

11   discusses below, in the context of applying the five-factor test set forth in *Valley*

12   *Forge*, whether there are lesser sanctions available that would deter future bad

13   behavior on the part of Koi and ameliorate prejudice to Strategic, or whether

14   terminating sanctions are necessary in this case.  Unfortunately, in this case, the

15   Court believes that only terminating sanctions will suffice.

16      As the Ninth Circuit stated, when a court order – or, as here, several – have

17   been violated, the first two factors, the public's interest in the expeditious resolution

18   of the litigation and the court's need to manage its docket, weigh in favor of

19   imposing terminating sanctions.  *Adrianna*, 913 F.2d at 1412.  The fourth factor, the

20   public policy favoring disposition of cases on the merits, cuts against them.  *Id.*  The

21   remaining factors are key:  the risk of prejudice to the party seeking sanctions (the

22   third factor) and the availability of less drastic sanctions (the fifth factor).  *Id.; see*

23   *also Wanderer*, 910 F.2d at 656.

24      Here, Koi delayed repeatedly, failed to respond to counsel and the Court

25   repeatedly, failed to provide supplemental discovery responses or produce

26   documents as ordered, and failed to explain under oath the procedure used to locate

27   documents as ordered.  The failure to produce documents as ordered, by itself, "is

28   considered sufficient prejudice," so this agglomeration of failures to abide by any

1    set of rules – essentially a failure to participate in the litigation at all – certainly

2    demonstrates sufficient prejudice.  Strategic Partners' ability to go to trial and the

3    Court's confidence that "the rightful decision of the case"  obtained will have been

4    irreparably impaired.  *Adriana*, 913 F.3d at 1412.  At this point, further continuation

5    of case deadlines will not remedy the prejudice, either to Strategic, which would

6    essentially have to start over after a year of litigation, or to the Court's calendar and

7    ability to manage its docket.

8          The only remaining question is whether there are lesser sanctions available

9    that would adequately serve the ends of justice.  As discussed above, the Court

10   cannot conceive of a non-terminating sanction that would ameliorate prejudice.  Nor

11   can the Court conceive of a lesser sanction that would cause Koi to "straighten up

12   and fly right."  Koi has already had many chances to do so.  Although the Court has

13   not previously assessed monetary sanctions, Koi and its counsel were not deterred

14   by the Court's prior warnings and Orders to Show Cause why sanctions should not

15   be levied.  Koi then failed to respond to Strategic's First Sanctions Motion, even

16   though the Court ordered Koi to file ***something***.  And even after the Second

17   Sanctions Motion was fully briefed – so that Koi knew without doubt that

18   terminating sanctions were on the table – Koi continued its pattern of failure to

19   cooperate in discovery, requiring the Court to issue yet another Order requiring Koi

20   to explain itself.  And – again in violation of a Court order – Koi's declaration in

21   response to that Order did not address the specific issues mandated by the Court.

22   Thus, there does not appear to be a sanction short of an order directing the entry of

23   judgment on liability in this case that would serve the ends of justice.

24         In light of the posture of the case when the sanctions motions were fully

25   briefed, the District Judge set a new discovery cutoff of April 24, 2018.  [Dkt. 58,

26   entered December 11, 2017.]  That leaves the parties sufficient time to do whatever

27   damages discovery is necessary, including any expert discovery, to prepare for a

28   trial on the issue of the amount of damages.

1

**CONCLUSION AND RECOMMENDATION**

2      For all of the foregoing reasons, **IT IS RECOMMENDED** that the District

3  Judge issue an Order:

4      (1) accepting this Report and Recommendation;

5      (2) granting Plaintiff's Motion for Monetary Sanctions [Dkt. 43] and ordering

6          Defendant, jointly and severally with Defendant's counel, to pay Plaintiff

7          $26,615.02 in fees and costs within 30 days of the District Court's Order;

8      (3) granting Plaintiff's Motion for Terminating Sanctions [Dkt. 49] and ordering

9          judgment entered finding Defendant liable in this action.

10

11  DATED: January 23, 2018          _____

12                                   GAIL J. STANDISH
                                     UNITED STATES MAGISTRATE JUDGE

13

14                              **NOTICE**

15      Reports and Recommendations are not appealable to the United States Court

16  of Appeals for the Ninth Circuit, but may be subject to the right of any party to file

17  objections as provided in the Local Civil Rules for the United States District Court

18  for the Central District of California and review by the United States District Judge

19  whose initials appear in the docket number.  No notice of appeal pursuant to the

20  Federal Rules of Appellate Procedure should be filed until the District Court enters

21  judgment.

22

23

24

25

26

27

28